### BOSTON OLD COLONY INS. CO. v. FIRST STATE BANK OF LANTANA, et al.

No. 71-C-5990.

Circuit Court, Palm Beach County.

October 19, 1973.

Martin Flanagan, West Palm Beach, for the plaintiff.

James Nemec and Allan J. Hoffman, both of West Palm Beach, for the defendants.

LEWIS KAPNER, Circuit Judge.

The defendant Anne Francis was the owner of some jewelry kept in a safe-deposit box at the First National Bank of Lantana. This bank was robbed and the jewelry stolen. An interpleader action was filed by the Boston Old Colony Insurance Company, and the question of the value of the jewelry is before the court.

The defendant Anne Francis has testified that the five items of jewelry were received as gifts in 1927, 1928 and 1943. She has offered her opinion as to the items' values, basing her opinion on consultations with a jeweler (since deceased), on her experience as a frequent owner of fine jewelry over the years, and on the fact that she is the owner of the jewelry in question. Adverse defendants Sun Insurance Company and Fireman's Fund object to her testimony, citing Florida Bar CLE Publication on Damages, 5.9 —

> "The owner of property which he has recently purchased, who is familar with its cost price, may testify as to its value, since the cost of a thing is some evidence of its market value . . . But the evidence has to be specific as to time and place of purchase."

Jacksonville, T. and K. W. Ry. Co. v. Prior, 15 So. 60, and Atlantic Coastline R. Co. v. Sandline, 78 So. 667, and cases cited therein, are concerned with conditions under which as owner may testify concerning the cost of his property; they do not prohibit an owner of remotely purchased property from testifying as to its value. The admissibility of the owner's testimony concerning cost is governed by one simple guideline — relevance to value. The court in *Jacksonville,* supra, stated —

> "There may be cases where an investigation into the cost of personal property destroyed may be proper, but . . . its cost to the owner, without connecting such cost in

some way with the market value, will not be proper . . . [I]t ought to appear that the cost was necessary in some way to fix the market value of the property when destroyed . . ."

See, also, *Atlantic Coastline,* supra, p. 669.

The issue here then is whether an owner may testify as to value, even though the date of purchase is remote and the owner's knowledge of the original purchase price is scant. Ordinarily the owner of personal property is presumed to have such familiarity with it as to know pretty nearly, if not actually, what it is worth. *Atlantic Coastline,* supra, p. 668. Mrs. Francis' testimony, therefore, is admissible, but, because of the nature of jewelry, her testimony cannot be considered as fully as that of an expert.

It is thereupon found and ordered that the plaintiff shall recover the sum of $3,200 in this action.